**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

PATRICIA JONES                                                                                                       PLAINTIFF

v.                                          No. 4:09CV00480 JLH

BISHOP CHARLES N. CRUTCHFIELD
& REVEREND SEIGFRIED JOHNSON                                                               DEFENDANTS

**OPINION AND ORDER**

Patricia Jones brings this action *pro se* against Bishop Charles N. Crutchfield and Reverend Siegfried Johnson under 42 U.S.C. § 1983. Specifically, Ms. Jones alleges in her complaint that Bishop Crutchfield and Reverend Johnson "are restricting [her] complete and total access to court records" and "blocking [her] access to punitive damage monies resulting from litigation initially brought by [the] church approximately eight years ago in [her] name." She asks that all court records involving her "be produced to me directly from the legal department(s) where they were compiled" and "for a contact designate to explain to me how and where the punitive damages money is being held and how to access it." On July 16, 2009, the defendants filed a Rule 12(b)(6) motion to dismiss, claiming that Ms. Jones's complaint does not state a claim upon which relief can be granted. On August 25, 2009, Ms. Jones responded to the defendants' motion. For the reasons stated below, this Court finds that Ms. Jones's complaint fails to state a claim upon which relief can be granted and grants the defendants' motion to dismiss.

**I.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In reviewing the complaint, the Court must "accept as true all of the factual allegations contained in the complaint." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544. 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)).  All reasonable inferences from the complaint must be drawn in favor of the plaintiff.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  Moreover, because the complaint was filed *pro se*, it " 'must be held to [even] less stringent standards than formal pleadings drafted by lawyers.' "  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).

Nonetheless, the complaint must include facts sufficient to show that the plaintiff is entitled to relief.  FED. R. CIV. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  Stated differently, the plaintiff must "raise a right to relief above a speculative level."  *Schaaf*, 517 F.3d at 549.  Where the facts presented in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' "  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868, 884 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

## II.

At issue is whether Ms. Jones's complaint shows that she is entitled to relief under 42 U.S.C. § 1983.[1]  To state a claim for relief under Section 1983, the plaintiff must (1) allege the violation of

---

[1] 42 U.S.C. § 1983 was enacted as part of the Civil Rights Act of April 20, 1871, and it provides in relevant part:

a right secured by the Constitution and laws of the United States and (2) show that the alleged deprivation was committed by a person acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970). Generally, a defendant who acts under color of state law is a state official or employee. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 49-51, 108 S. Ct. 2250, 2255-56, 101 L. Ed. 2d 40 (1988). A defendant who is not a state official acts under color of state law only if he is "jointly engaged with state officials in the prohibited action." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941, 102 S. Ct. 2744, 2756, 73 L. Ed. 2d 482 (1982). In other words, the defendant must participate in the wrongful conduct jointly with the State or its agents. *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). This state action requirement is consistent with the purpose of Section 1983, which is " 'to protect people from the State, not to ensure that the State protect[ people] from each other.' " *Burton v. Richmond*, 276 F.3d 973, 978 (8th Cir. 2002) (quoting *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989)).

Ms. Jones alleges that Bishop Crutchfield and Reverend Johnson deprived her of her rights by restricting her access to court records and withholding from her punitive damages to which she is entitled. However, Ms. Jones's complaint does not allege that either Bishop Crutchfield or Reverend Johnson acted under color of state law. In her complaint, Ms. Jones's does not claim that either Bishop Crutchfield or Reverend Johnson is a government employee or official. Nor does she

---

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

suggest that Bishop Crutchfield or Reverend Johnson helped a state official violate her rights. She alleges only that she has made requests for the court records from Bishop Crutchfield and Reverend Johnson, and they deny that the records exist. Assuming that Bishop Crutchfield and Reverend Johnson have the records that Ms. Jones requested and have refused to provide them, that refusal does not constitute state action, nor does it indicate that they have acted under color of state law. Because the defendants are private actors and Ms. Jones does not allege that they acted under color of state law, Ms. Jones's complaint fails to state a valid claim for relief under 42 U.S.C. § 1983.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is GRANTED. The plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED this 3rd day of September, 2009.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE